UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. NELSON, JR., Plaintiff, v. UNITED STATES OF AMERICA, et al., Defendants. | No. 2:26-cv-2286 CSK P <br> <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff has named three judges and the U.S. Solicitor General as defendants. Because plaintiff cannot proceed on his claims against these defendants, this Court recommends that the complaint be dismissed.

## I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. JUDICIAL DEFENDANTS

Plaintiff named Troy L. Nunley, Chief U.S. District Judge, who granted respondent's motion to dismiss plaintiff's habeas petition on March 12, 2024, in Nelson v. Covello, No. 2:23-cv-1438 TLN KJN (E.D. Cal.). (ECF No. 1 at 3.) Plaintiff named Allison Claire, U.S. Magistrate Judge, who recommended that plaintiff's habeas petition be denied on December 23, 2024, in Nelson v. Covello, No. 2:24-cv-0758 KJM AC P (E.D. Cal.). (ECF No. 1 at 12.) Finally, plaintiff named Kimberly J. Mueller, U.S. District Judge, who adopted those findings and recommendations and dismissed plaintiff's habeas petition in No. 2:24-cv-0758 KJM AC P. (ECF No. 1 at 11.)

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967); Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361. Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Stump, 435 U.S. at 356 ("A judge

will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

All three defendant judges are entitled to judicial immunity because their rulings in plaintiff's habeas cases were within the course and scope of their judicial duties. These defendants must be dismissed.

## III. DEFENDANT SOLICITOR GENERAL

Plaintiff's claim against the Solicitor General is unclear. (ECF No. 1 at 13.) Plaintiff claims he contacted the U.S. Department of Justice claiming local officials violated plaintiff's civil rights. (Id.) Plaintiff claims that in their response, they took responsibility for the investigation and arrest of plaintiff. (Id.) Plaintiff claims that as a result he was deprived of his right to face his accusers. (Id.)

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

The U.S. Solicitor General is a federal official who acts under color of federal law, not state law. Therefore, plaintiff cannot state a civil rights claim against the Solicitor General under 42 U.S.C. § 1983. Moreover, to the extent plaintiff is attempting to sue the U.S. Solicitor General for his or her duties in the criminal prosecution of plaintiffs, the U.S. Solicitor General is also absolutely immune from plaintiff's claims. See, e.g., Nix v. United States, 2019 WL 77437, at *5 (W.D. Wash. Jan. 2); see also Hubbard v. Gipson, 2014 WL 5324288, at *5 (E.D. Cal. Oct. 17) (dismissing claims against the Federal Bureau of Investigation, Department of Justice, and Solicitor General as barred by prosecutorial immunity) (collecting cases), report and recommendation adopted, 2014 WL 6608341 (E.D. Cal. Nov. 17, 2014).

Therefore, defendant U.S. Solicitor General must also be dismissed.

## IV. AMENDMENT IS FUTILE

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it is not possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/nels2286.56